[No. 8,086.—Department One.]
Aug. 25, 1882.

# WILLIAM BECKMAN *v.* ELLEN M. WILSON ET AL.

POWERS OF AGENT OF MORTGAGEE IN POSSESSION—EXPENDITURES FOR RE-
PAIRS.—W. was in possession of land under a deed from S. absolute on
its face, but intended as a mortgage to secure a debt of two thousand
dollars; and "made plaintiff her agent, for the purpose of collecting
rents, paying taxes and insurance, and interest on a mortgage in favor of
one Anderson prior to hers, and requested plaintiff to take care of said
property as if it was his own, and at the same time instructed him to in-
cur no expense that could be avoided on said property, and stated that
she did not wish to expend any money thereon, but wished the proceeds
of the rents thereof to be applied to the payment of her loan." After-
wards, a portion of the premises having been destroyed by fire, the
plaintiff rebuilt the same at an expense of four thousand five hundred
and ninety-two dollars, using therefor about one thousand two hundred
dollars, or one thousand three hundred dollars, of M.'s money in his
hands, and for the balance his own money. The action was brought to re-
cover this balance as money expended to the use of M. It was found by
the Court that the property was rebuilt without the knowledge of M.
under an agreement with S. that plaintiff should pay off M.'s claim, pur-
chase the prior mortgage, and rebuild the premises; and that S. should
repay him his advances with interest.
*Held:* The plaintiff had no authority to rebuild the improvements de-
stroyed by fire, or to make other permanent improvements, but only to
make such repairs as were necessary to preserve and protect the prop-
erty from ordinary wear and tear.

APPEAL from a judgment for the defendant, and from an
order denying a new trial, in the Superior Court of Sacra-
mento County. CLARK, J.

The facts are substantially as stated in the syllabus. A
petition for hearing in bank was filed in this case after judg-
ment and denied.

*A. L. Hart,* for Appellant.

*Freeman & Bates,* for Respondent.

The COURT:

There was a substantial conflict in the evidence, and we
cannot say that the evidence did not sustain any one of the
findings.

Taking the widest view of the agency conferred upon plaintiff by the defendant, Ellen Wilson, mortgagee in possession, he had no authority to purchase and take an assignment of a prior mortgage, contract with the mortgagor that he should look to him for, or tack upon the prior mortgage, the amount he should expend in rebuilding the property destroyed by fire, and then assert a claim against defendant for the same amount.

This was not " taking care of her property as if it were his own." The property he was to take care of was her lien to the extent of two thousand dollars. The power is to be construed with reference to the subject-matter, and all the words used in conferring it are to be considered in ascertaining the authority conferred. He was told, in effect, " not to expend any money thereon, but apply the proceeds of the rents to the payment of her loan." It was not the *duty* of defendant Ellen, nor of plaintiff as her agent, to rebuild the improvements destroyed by fire, nor to make other permanent improvements, but only to make such repairs as were necessary to preserve and protect the property from ordinary wear and tear. If she had *power* to expend the amount received for rents in rebuilding and making permanent improvements, or even to expend more money for such purposes than the amount received for rents, *he* had no authority to do so much. His agency can not be construed so as to authorize him to borrow for her, of himself or anybody else, moneys to be applied in rebuilding or making new and permanent improvements. (2 Jones on Mort., § 1126, *et seq.;* Thomas on Mort. 83, 84; Coote on Mort. 746.) He was expressly prohibited from spending any money on the property, which must be held to be a prohibition upon the expenditure of any other money than such as the law made it her duty to expend, and to that extent, at least, the language is a limitation upon the power.

Even, however, if it be admitted that he had the power, he did not exercise it. On the contrary, the finding is that he expended the money in rebuilding, and making other permanent improvements, for his own benefit and that of the mortgagor, by whom he was to be repaid the same, with interest.

Judgment and order affirmed.